**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rey GARCIA, Defendant–Appellant.**

**No. 02–50069.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Filed March 25, 2003.

Norma A. Aguilar, Federal Defenders of San Diego, San Diego, CA, for the defendant-appellant.

Carol C. Lam, United States Attorney, Kristine L. Wilkes (on the brief), Assistant United States Attorney, Steven E. Stone (argued), Assistant United States Attorney, U.S. Atty's. office, San Diego, CA, for the plaintiff-appellee.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY, District Judge.[*]

## OPINION

BURY, District Judge.

Appellant Rey Garcia appeals his sentence of five (5) years' imprisonment for his numerous probation violations. Garcia argues that the district court failed to provide adequate notice of its intent to depart upward from the Sentencing Guidelines and failed to properly consider the policy statements of Chapter 7 of the Guidelines. For the reasons set forth below, we affirm.

## BACKGROUND

On March 22, 1999, after pleading guilty to felony escape in violation of 18 U.S.C. § 751(a), Garcia was sentenced to five (5) years' probation. At the sentencing hearing, the judge warned Garcia, "... I can and will depart upward, if you come back here again." The judge repeated his warning by advising Garcia, "As I say, if you come back here you violate, I'm going to give you the maximum sentence."

On July 21, 2000, the district court issued an order to show cause ("OSC") why Garcia's probation should not be revoked for numerous violations and issued a warrant for Garcia's arrest. On June 6, 2001,

a second amended OSC was submitted which contained revised allegations of violations, as well as a sentencing recommendation of 30 months. The alleged violations included armed robbery, felon in possession of a firearm, forgery, residential burglary, and attempted escape from a correctional facility. In the Violation Summary attached to the second amended OSC, the United States Probation Office noted that, pursuant to 18 U.S.C. § 751(a), revocation of Garcia's probation subjected Garcia to a maximum term of imprisonment of five (5) years. The Violation Summary further noted that, since the original sentence was the result of a downward departure, an upward departure was possibly warranted, with a prison sentence of "up to the statutory maximum of 60 months. U.S.S.G. § 7B1.4, p.s., cmt., n. 4 (2002), and 18 U.S.C. § 3565(a)(2)."

On September 14, 2001, Garcia entered a guilty plea in California state court to armed robbery, residential burglary, three counts of check forgery, and a felony count of issuing checks with insufficient funds. Garcia was sentenced in California state court to a prison term of nine years and four months. Garcia received an additional sentence of 21 months' imprisonment from another judge of the District Court for the Southern District of California, to run consecutively with Garcia's state sentence.

At his probation revocation hearing on December 14, 2001, Garcia admitted to the armed robbery allegation, a Grade A probation violation pursuant to U.S.S.G. § 7B1.1(a)(1). After considering the nature and circumstances of Garcia's violations, as well as Garcia's criminal history and other circumstances, the district court determined that an upward departure was

---

[*] The Honorable David C. Bury, District Judge for the District of Arizona, sitting by designa-
tion.

appropriate under 18 U.S.C. § 3565(a)(2) and U.S.S.G. § 7B1.4.

## ANALYSIS

### I. Notice of Upward Departure from Chapter 7 Policy Statements

■ While the district court's application of the Sentencing Guidelines is reviewed de novo, its consideration of non-binding policy statements is reviewed for an abuse of discretion. *United States v. George,* 184 F.3d 1119, 1120 (9th Cir.1999).

■ Garcia argues that his sentence should be vacated on the basis that the district court departed upward from the Sentencing Guidelines' policy statements without providing Garcia with reasonable notice. Garcia cites *Burns v. United States,* 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), for the well-settled proposition that Federal Rule of Criminal Procedure 32 requires a sentencing court to provide a defendant with reasonable notice before sua sponte departing upward from a guideline sentencing range "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government." *Id.* at 137–38, 111 S.Ct. at 2187–88. This notice requirement is intended to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Id.* at 137, 111 S.Ct. at 2187.

■ Garcia, however, was sentenced under Chapter 7 of the Sentencing Guidelines. The sentencing ranges set forth in Chapter 7 are merely advisory and are not binding upon the sentencing judge. *George,* 184 F.3d at 1121. So long as a district court considers the policy statements of Chapter 7, "it is free to reject the suggested sentencing range and . . . impose a sentence that is below the statutory maximum." *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000). This Court has never previously decided whether a

sentencing court must provide notice before departing upward from a Chapter 7 recommended sentencing range. We now hold that such notice is not required.

Inasmuch as Chapter 7 policy statements are not binding on sentencing courts and it is within the courts' discretion to exceed this sentencing range, a sentence in excess of this range is not a "departure" from a binding guideline. *See United States v. Burdex,* 100 F.3d 882, 885 (10th Cir.1996). Every other circuit to consider this issue has reached the same conclusion. *See id.; United States v. Shaw,* 180 F.3d 920, 922–23 (8th Cir.1999) (per curiam); *United States v. Pelensky,* 129 F.3d 63, 70–71 (2d Cir.1997); *United States v. Hofierka,* 83 F.3d 357, 362 (11th Cir.1996) (per curiam); *United States v. Mathena,* 23 F.3d 87, 93 n. 13 (5th Cir. 1994).

Today's decision is the logical extension of this Court's previous holding in *George* that Chapter 7 policy statements are not binding on sentencing courts. Probation revocations are governed by 18 U.S.C. § 3565. Under 18 U.S.C. § 3565(a)(2), a district court, after revoking probation, is authorized to "sentence the defendant to any statutorily permitted sentence and not be bound to only that sentence that was available at the initial sentencing." *United States v. Vasquez,* 160 F.3d 1237, 1239 (9th Cir.1998) (quoting H.R.Rep. No. 102–242(I), at 189 (1991)). Any sentence that is statutorily permitted but in excess of the Chapter 7 range is not a "departure" from a binding guideline. *See Hofierka,* 83 F.3d at 362; *Burdex,* 100 F.3d at 885.

■ Here, the district court sentenced Garcia to the maximum permitted under 18 U.S.C. § 751(a). Therefore, even if the district court did not provide Garcia with notice, none was required and no error occurred.

In any case, Garcia did, in fact, receive adequate notice of the district court's intent to depart upward. The adequacy of notice is assessed de novo. *United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir.2001). However, because Garcia failed to object at the revocation hearing to the allegedly inadequate notice, plain error review applies. *Id.*

The district court provided Garcia with notice of its intent to depart upward long before the outset of the revocation hearing. *See id.* at 1251 n. 4. Moreover, the Violation Summary notified Garcia "that an upward departure[would] be at issue and of the facts that allegedly support[ed ] such a departure." *See Burns*, 501 U.S. at 135, 111 S.Ct. at 2185–86. Based upon this record, Garcia's sentence will not be disturbed. *See Hernandez*, 251 F.3d at 1250–51.

## II. Consideration of Chapter 7 Policy Statements

Garcia claims the district court failed to properly consider the Chapter 7 policy statements before sentencing Garcia to the statutory maximum. So long as a district court considers the policy statements of Chapter 7, it is not an abuse of discretion to reject the suggested sentencing range and impose a sentence below the statutory maximum. *Tadeo*, 222 F.3d at 625.

In the present case, the district court's comments in open court demonstrate its proper consideration of the Chapter 7 policy statements. The district court summarized Garcia's criminal behavior, explained that Garcia had not learned his lesson and was a "classic example of an upward departure," and then declared, "I feel that an upward departure is warranted under 3565 A 2 and 7[B]1 point 4." *Compare id.*, 222 F.3d at 626. Contrary to Garcia's contention, "the district court did not ignore its duty to consider § 7B1.4(a)." *Id.*

## CONCLUSION

Accordingly, the decision of the district court is AFFIRMED.