**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Adekunbo BENSON, aka Sean Banji**
**Howard, Defendant—Appellant.**

No. 02–50287.

D.C. No. CR–96–01881–1–RMB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2003.*

Decided April 22, 2003.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,** District Judge.

MEMORANDUM***

Defendant Adekunbo Benson (aka Sean Banji Howard) appeals from the 49–month sentence imposed by the district court upon revocation of Defendant's supervised release in June 2002. We affirm.

1. Citing Rule 32(h) of the Federal Rules of Criminal Procedure and *Burns v. United States,* 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), Defendant argues that the district court erred by failing to provide him with notice of the court's intention to "depart upward" from the Sentencing Guidelines before sentencing Defendant for violating the terms of his supervised release. Defendant's argument must fail. The U.S. Sentencing Commission has never issued binding Guidelines relating to sentencing for violations of supervised release. Chapter 7, which relates to violations of supervised release, contains "neither guidelines nor interpretations or explanations of guidelines" but merely "policy statements [that] are not binding on the sentencing judge." *United States v. George,* 184 F.3d 1119, 1121 (9th Cir.1999). Because there were no binding Guidelines from which the district court could "depart," Defendant was not entitled to notice. *United States v. Garcia,* 323 F.3d 1161, 1164–65 (9th Cir. 2003).

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

A district court abuses its discretion if it fails to consider the policy statements contained in Chapter 7. *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000). The district court did not abuse its discretion in this case, because it expressly considered the probation report and the advice of Chapter 7 before imposing sentence, and it explained in detail why it was sentencing Defendant to more than the recommended sentence. *Garcia,* 323 F.3d at 1164–65.

2. The district court did not err by failing to provide Defendant with his right of allocution at sentencing. Before sentencing, the district court clearly afforded Defendant an opportunity to address the court, which Defendant declined. There was no error.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.