UNITED STATES of America,
Plaintiff–Appellee,

v.

Edwin Leonardo GILLETTE,
Defendant—Appellant.

No. 02–50645.

D.C. No. CR–01–03330–J.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 19, 2003.

Pennie M. Carlos, San Diego, CA, for Plaintiff-Appellee.

Steven F. Hubachek, FDCA-Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM*

Edwin Leonardo Gillette ("Gillette") appeals the 121 month sentence imposed by the district court after Gillette pled guilty to importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. In sentencing Gillette, the district court counted a similar offense committed in April 2001, seven months before the instant offense, as a "prior sentence," thereby increasing Gillette's base offense level and placing him in criminal history category III. This rendered Gillette ineligible for "safety valve" relief, resulting in a mandatory minimum sentence of ten years. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's interpretation of the Sentencing Guidelines *de novo*. *See United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir.2003); *United States v. Brickey*, 289 F.3d 1144, 1153 (9th Cir.2002) (noting that court's conclusion that prior conviction may be used for purposes of sentencing enhancement is reviewed *de novo*). We affirm.

Gillette argues that the district court erred by counting his April 2001 offense as

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a "prior sentence" instead of as "relevant conduct" under Sentencing Guideline section 1B1.3. Under Chapter 4 of the sentencing guidelines, a prior sentence scores for criminal history purposes, while relevant conduct does not. 18 U.S.C. appx. § 4A1.2. "Prior sentence" is defined to include "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." 18 U.S.C. appx. § 4A1.2(a)(1). As here applicable, "relevant conduct" is defined as "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." 18 U.S.C. appx. § 1B1.3(a)(2).

Gillette argues that his April 2001 offense is properly characterized as relevant conduct because it and the instant offense occurred only seven months apart and both involved the same drug traffickers, the same goal, and the same modus operandi. However, section 1B1.3's application note 8 makes clear that Gillette's earlier offense may not be counted as relevant conduct to the instant offense because it was separated by an intervening sentence. As note 8 explains, "[f]or the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction." 18 U.S.C. appx. § 1B1.3 n. 8. Gillette pled guilty and was sentenced to 110 days and three years summary probation in California state court for possession of marijuana for the April 2001 offense. It was after his release from that sentence, that Gillette was apprehended and charged in the instant offense. Because Gillette's instant offense occurred after he was sentenced for his April offense, section 1B1.3(a)(2) is inapplicable.

There is no contradiction between note 8 and section 4A1.2(a)(1) for two reasons: First, note 8 pertains only to conduct that is relevant under section 1B1.3(a)(2), not conduct that is relevant under section 1B1.3(a)(1). So all conduct relevant under section 1B1.3(a)(1) remains covered by section 4A1.2(a)(1). Second, note 8 precludes counting conduct as relevant where the sentence is imposed not just before the current *sentence,* the situation addressed by section 4A1.2(a)(1), but before the current offense was committed. Note 8 therefore leaves section 4A1.2(a)(1) applicable to sentences imposed prior to the current one but after the commencement of the conduct giving rise to the current sentence.

Because we find that section 1B1.3(a)(2) does not apply, the district court did not err in counting Gillette's April 2001 offense as a prior sentence. Accordingly, we affirm the 120 month sentence imposed by the district court.

AFFIRMED.