**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Geary Wayne WATERS, Jr., Defendant—Appellant.**

**No. 02–50544.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Ronald L. Cheng, Esq., Fred A. Rowley, Jr., Esq., Michael M. Farhang, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Esq., Glendale, CA, Geary Wayne Waters, Jr., Los Angeles, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Geary Wayne Waters, Jr. appeals his sentence imposed following convictions for possession of cocaine base with the intent to distribute, and possession of marijuana with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review a district court's legal interpretation of the Sentencing Guidelines de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003). We review a district court's factual findings for clear error, including a finding that a defendant used a minor to avoid detection. *United States v. Jimenez,* 300 F.3d 1166, 1169 (9th Cir.2002).

Waters argues that the district court erred by applying a two-level upward adjustment, under the United States Sentencing Guidelines ("U.S.S.G.") § 3B1.4, for the use of a minor to assist in avoiding apprehension for the offense. However, the record establishes that Waters "directed," "encouraged," and "counseled" Lemon

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

in his scheme to avoid apprehension for drug trafficking. *See* U.S. Sentencing Guidelines Manual § 3B1.4. Thus, the district court did not clearly err in determining that Waters acted affirmatively to involve a 16–year–old in his scheme to avoid apprehension for drug trafficking. *See id.* at cmt. (n.1); *see also United States v. Parker,* 241 F.3d 1114, 1120 (9th Cir.2001).

Waters also contends that the district court erred in considering his 1990 drug trafficking conviction within the meaning of § 4A1.2 to determine that he was a career offender pursuant to § 4B1.1. Waters argues that his 1990 cocaine conviction is an "expunged" conviction within the meaning of U.S.S.G. § 4A1.2(j), and therefore not included in his criminal history score. We review de novo a district court's conclusion that a prior conviction may be used as a sentencing enhancement. *United States v. Gallaher,* 275 F.3d 784, 790 (9th Cir.2001).

Because we conclude that Waters used a minor to avoid apprehension for drug trafficking and thereby affirm the two-point upward adjustment to his sentence, we do not reach the second issue on appeal. Were we to accept Waters's argument that his 1990 cocaine conviction was "expunged" and therefore should not have been included in his criminal history score, he would still be subject to the same Sentencing Guidelines range of 360 months to life. *See* U.S. Sentencing Guidelines Manual, ch. 5, pt. A. Because the calculation does not change, whether or not we accept Waters' argument, we need not address the merits of the claim, as any potential error would be harmless. *See United*

*States v. Williams,* 291 F.3d 1180, 1195 (9th Cir.2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.