**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard Cacayurin GONZALES,
Defendant—Appellant.**

No. 03–10310.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Karon V. Johnson, AUSA, Office of the U.S. Attorney, Hagatna, GU, for Plaintiff-Appellee.

Rawlen M.T. Mantanona, Mantanona Law Office, Hagatna, GU, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Richard Cacayurin Gonzales appeals his sentence after pleading guilty to importation of methamphetamine hydrochloride in violation of 21 U.S.C. § 952. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 3742. We affirm the district court's order.

We review a district court's legal interpretation of the Sentencing Guidelines de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003). "The issue of whether a defendant is a minor or minimal participant in a criminal offense under the particular facts of the offense is reviewed for clear error." *United States v. Zweber,* 913 F.2d 705, 708 (9th Cir.1990) (citing *United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989)).

Gonzales argues that the district court erred in limiting his eligibility for a minor participant downward adjustment under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2 to his role in the offense to which he pleaded guilty. Because the district court acknowledged conduct of other participants in the criminal scheme beyond the conduct for which Gonzales was charged, it did not clearly err in finding Gonzales's participation to have been more than that of a "mere courier." *See United States v. Rojas–Millan,* 234 F.3d 464, 472 (9th Cir.2000).

Gonzales also argues that the district court erred because it failed to compare his conduct to that of "actual co-participants" as opposed to "hypothetical average" participants. *See United States v. Petti,* 973 F.2d 1441, 1447 (9th Cir.1992). By acknowledging the larger context of the criminal scheme, the district court "considered [Gonzales's] culpability relative to the involvement of other likely actors" in the criminal scheme. *Rojas–Millan,* 234 F.3d at 473–74.

Because Gonzales has not demonstrated that the district court clearly erred in determining that he was not a minor participant in the offense, we affirm the district court's sentencing on the role adjustment.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.