**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Allen Ray JORDAN, Defendant—Appellant.**

No. 03–10023.

D.C. No. CR–96–00475–1–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 2003.*

Decided Feb. 24, 2004.

William Sze Wong, Sacramento, CA, for Plaintiff–Appellee.

Jeffrey L. Staniels, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM**

Allen Ray Jordan appeals his sentence of 360 months' imprisonment, alleging that it violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court sentenced Jordan to 240 months for conspiracy to manufacture methamphetamine, 60 months for

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

attempt to manufacture methamphetamine, and 60 months for maintaining a place for the manufacture of methamphetamine. The sentences were imposed consecutively in order to reach Jordan's sentencing range of 360 months to life, as calculated under the United States Sentencing Guidelines.

The district court's application of the Sentencing Guidelines is reviewed de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003). The district court's findings of fact are reviewed for clear error. *United States v. Bynum,* 327 F.3d 986, 993 (9th Cir.2003).

First, Jordan argues that he cannot be sentenced to a term of imprisonment exceeding the statutory maximum for each count because drug quantity was not charged and proved to a jury. This argument is without merit. The district court properly followed U.S.S.G. § 5G1.2(d) by imposing consecutive sentences on each conviction to reach Jordan's Sentencing Guideline range. Each of the sentences by themselves did not exceed the statutory maximum for each count and therefore "any failure of the indictment in this case to allege quantity ... was immaterial." *United States v. Buckland,* 289 F.3d 558, 572 (9th Cir.2002) (en banc).

Jordan next argues that the district court erred when, following *Buckland* and *United States v. Sua,* 307 F.3d 1150 (9th Cir.2002), it imposed Jordan's sentence consecutively. This argument is without merit. Jordan's Sentencing Guideline range was 360 months to life imprisonment. The maximum statutory sentence for each of Jordan's convictions was 240 months. Applying U.S.S.G. § 5G1.2(d), the district court imposed sentences on each of Jordan's convictions consecutively to reach the lowest end of his Sentencing Guideline range. Jordan concedes that the sentence for each count does not ex-

ceed the statutory maximum. As in *Buckland,* because the total punishment mandated by the Guidelines (360 months to life) exceeded the statutory maximum sentence for each count, the district court properly imposed consecutive terms of imprisonment to the extent necessary to reach Jordan's Sentencing Guideline range. *Buckland,* 289 F.3d at 571. *See also Sua,* 307 F.3d at 1154; U.S.S.G. § 5G1.2(d).

Jordan's citation to *Apprendi* as a basis for relief is also misplaced. *Apprendi* established the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the district court did not sentence Jordan above the statutory maximum for each count, *Apprendi* is not implicated here.

Finally, Jordan argues that *United States v. Palafox,* 764 F.2d 558 (9th Cir. 1985) (en banc) controls the outcome of this appeal. This argument is unpersuasive. Jordan's convictions did not arise "from a *single* criminal undertaking involving drugs," and each offense was not "committed at virtually the same time, in the same place, and with the same participants." *Id.* at 562 (emphasis added). The crimes for which Jordan was charged and convicted involved separate transactions taking place over months. *Palafox* has no application here.

**AFFIRMED.**