UNITED STATES of America, Plaintiff—Appellee,

v.

Michael LUGIAI, Defendant— Appellant.

No. 03–10057.
D.C. No. CR–02–0260–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided March 1, 2004.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**124**

Appeal from the United States District Court for the District of Nevada; Philip M. Pro, District Judge, Presiding.

Darin Lahood, Asst. U.S. Atty., USLV—Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John C. Lambrose, Kevin A. Tate, Appointed Federal Public Defender, FPDNV—Federal Public Defender's Office (Las Vegas), Las Vegas, NV, for Defendant–Appellant.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM*

Lugiai appeals (1) the denial of his motion to suppress the fruits of the warrantless seizure and subsequent consensual search of his residence; and (2) the application of the obstruction of justice enhancement set out in § 3C1.1 of the Sentencing Guidelines. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), we affirm.

### I

We review de novo the lawfulness of warrantless seizures. *See United States v. Jones,* 286 F.3d 1146, 1150 (9th Cir.2002). The district court's underlying findings of fact are reviewed for clear error. *See United States v. VonWillie,* 59 F.3d 922, 925 (9th Cir.1995).

In light of the district court's findings, which are not clearly erroneous, U.S. marshals had probable cause to believe that the Lugiai residence contained illegal contraband or evidence of crime. The marshals also reasonably concluded that allowing Ms. Lugiai to enter the house before they could obtain a search warrant—a process that was underway but not completed—would have given her the opportunity to "improperly frustrat[e] legitimate law enforcement efforts" by destroying, altering, or secreting the contraband. *Bailey v. Newland,* 263 F.3d 1022, 1033 (9th Cir. 2001) (quotation marks and citation omitted).

Reasonable efforts were made to reconcile these legitimate law enforcement concerns with the Lugiai family's rights. Instead of allowing Ms. Lugiai to enter the house and then conducting a warrantless search justified by exigent circumstances, the marshals imposed the less restrictive restraint of temporarily barring entrance for the brief period required to obtain a warrant. The house was seized for no longer than reasonably necessary. For these reasons, the temporary seizure of the residence was lawful. *Cf. Illinois v. McArthur,* 531 U.S. 326, 331–32, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001).

Finally, the district court's finding that Ms. Lugiai freely consented to the search rather than wait for the outcome of the search warrant application process was not clearly erroneous. *See United States v. Enslin,* 327 F.3d 788, 793 (9th Cir.2003).

### II

We review de novo the district court's interpretation and application of the Sentencing Guidelines. *See United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

A sentencing court "may accept any un-disputed portion of the presentence report [PSR] as a finding of fact." FED. R.CRIM. P. 32(i)(3)(A). "A defendant challenging information used in sentencing must show that such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). Lugiai did not clearly dispute the reliability of the portion of the PSR that justified the obstruction enhancement, much less show that the information therein was false or unreliable. We find no merit in Lugiai's remaining arguments concerning sentencing.

**AFFIRMED.**