**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert Lee MITCHELL, Defendant—Appellant.**

No. 04–50379.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bruce Searby, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM **

Robert Lee Mitchell appeals the sentence imposed following the revocation of his supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3742. We

** This disposition is not appropriate for publication and may not be cited to or by the

review for abuse of discretion a deviation from the Chapter 7 policy statements, *see United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir.2003), and we affirm.

Mitchell contends the district court abused its discretion by failing to consider the 6 to 12 month range suggested by the Chapter 7 policy statements before imposing a sentence exceeding that range. His contention is premised upon his assertion that the mandatory 12–month residential drug abuse treatment program included as a condition of his supervised release effectively increased his 8–month sentence of imprisonment to a 20–month sentence. Because community confinement in a residential treatment program does not constitute incarceration under the Guidelines, *see United States v. Latimer*, 991 F.2d 1509, 1511–14 (9th Cir.1993), we reject this contention.

AFFIRMED.