**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10525 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00102-ROS-1 |
| v. | |
| RICARDO MONTALVO, AKA Richard Montalvo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted November 7, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Ricardo Montalvo appeals his sentence of 51 months upon revocation of his

term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

review "the district court's interpretation of the Sentencing Guidelines *de novo*, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's application of the Guidelines to the facts for abuse of discretion, . . . the district court's factual findings for clear error," *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008) (internal citations omitted), and the district court's consideration of non-binding policy statements for abuse of discretion. *United States v. Miqbel*, 444 F.3d 1173 (9th Cir. 2006). We review the substantive reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). "When a defendant does not raise an objection to his sentence before the district court, we apply plain error review." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).

In 1999, Montalvo was sentenced to 156 months' imprisonment, followed by a term of 60 months' supervised release. In 2011, his supervised release was revoked, and he was sentenced to 9 months' imprisonment and 51 months' supervised release. He was released on July 20, 2012, and on August 12, 2012, was arrested for driving while impaired. On August 21, 2012, after reporting to the U.S. probation office, he admitted to consuming alcohol before taking a Breathalyzer test. Upon revocation of his supervised release, he was sentenced to serve the remaining 51 months of his supervised release term in prison. The parties agree that the 51-month sentence exceeded the advisory Guidelines range.

We review sentences imposed inside or outside the Guidelines range via a two-step inquiry. We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. We then consider the "substantive reasonableness of the sentence imposed under an abuse of discretion standard," taking into account "the totality of the circumstances," but "not apply[ing] a presumption of unreasonableness." *Id.* In considering substantive reasonableness, we "may consider the extent of the deviation [from the Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Montalvo argues that his sentence was procedurally defective because the judge did not adequately justify the sentence, or because the judge justified the sentence by reference to rehabilitative needs, or because the sentence was based on another "illegal factor," like "promoting respect for the law" or imposing a prison term "with the primary basis being punishment." The record does not support Montalvo's arguments. The district court considered the factors under 18 U.S.C. § 3583(e), which governs

termination, extension, or revocation of a term of supervised release, and its explanation was not perfunctory or procedurally defective. The court did not improperly consider "rehabilitative needs," and the sentence was not given to promote improper ends.

In the alternative, Montalvo argues that the sentence was not reasonable because it was higher than what the government requested and higher than sentences given to others for arguably more serious offenses. Under 18 U.S.C. § 3583(e)(3), the district court may revoke a defendant's supervised release and require the defendant to serve all or part of the term of the sentence in prison. The statute requires the district court to consider certain factors, among them the need to deter criminal conduct and protect the public. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C). The district court may reject the advisory Guidelines range so long as it considers the policy statements published in Chapter 7 of the Guidelines. *United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir. 2003). Here, the record shows that the district court considered the required factors, was specifically concerned about public safety and Montalvo's danger to others, and made a reasoned decision to reject the defendant's requests for leniency. The district court did not abuse its discretion in imposing the sentence.

Montalvo's Eighth Amendment argument is similarly unavailing, because his sentence was not grossly disproportionate to his crime. The district court sentenced

Montalvo to serve the remaining 51 months of his sentence, the statutory maximum. "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001).

We are not persuaded by Montalvo's further argument that the 2003 amendment to 18 U.S.C. § 3583(e)(3) has the potential to create a cycle of sentencing that could lead to a life sentence. We have held that "the maximum term of supervised release to be imposed following multiple revocations of supervised release must be reduced by the aggregate length of any and all terms of imprisonment that have been imposed upon revocation of supervised release." *United States v. Knight*, 580 F.3d 933, 940 (9th Cir. 2009) (emphasis removed).

Finally, Montalvo's claim that his counsel was ineffective for failing to raise these issues at sentencing is more properly brought in a proceeding under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.") We therefore decline to reach this issue.

**AFFIRMED.**