**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50492 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00876-PA-1 |
| v. | |
| ARNULFO ARAIZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before:  TASHIMA, TALLMAN, and FRIEDLAND, Circuit Judges.

Arnulfo Araiza appeals the district court's order denying his motion to

dismiss his indictment charging violation of 18 U.S.C. § 1542 based on post-

indictment delay under the Sixth Amendment.  Araiza also appeals the district

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's supervised release sentence and special conditions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the district court's decision on a Sixth Amendment speedy trial claim de novo and its factual determinations for clear error. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003). To determine whether a defendant's Sixth Amendment speedy trial right has been violated, courts balance the four factors described in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), including the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Because we conclude the district court properly weighed these factors, we affirm.

First, the district court properly found the eight-and-a-half year delay between Araiza's indictment on November 29, 2006, and his arrest on April 29, 2015, was presumptively prejudicial and "suffice[d] to trigger the speedy trial enquiry." *Doggett v. United States*, 505 U.S. 647, 652 (1992).

Second, the district court did not err when it found that Araiza caused the delay. The government has "some obligation" to bring a defendant to trial, *United States v. Sandoval*, 990 F.2d 481, 485 (9th Cir. 1993), and must pursue a defendant with "reasonable diligence," *Doggett*, 505 U.S. at 656. But the government is not required to "make heroic efforts to apprehend a defendant who is purposefully

2

avoiding apprehension." *Sandoval*, 990 F.2d at 485 (quoting *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir. 1988)).

Here, the district court properly found that Araiza was avoiding apprehension. Agents attempted to serve the arrest warrant at Araiza's last known address on December 10, 2006, but were told that Araiza had moved to Mexico. At this time, the agents informed Araiza's sister of his outstanding arrest warrant. The district court properly relied on these facts, and the fact that Araiza failed to update his driver's license and frequently changed residences between 2008 and 2015, to find that Araiza was "living under the radar" and seeking to avoid apprehension.[1] The district court also properly found that the government was reasonably diligent in its pursuit based on (1) the government's 2006 press release identifying Araiza, his charged offense, and his fugitive status; (2) the government's entry of Araiza's arrest warrant into the National Crime Information Center database; (3) the government's periodic checks on commercial databases and with the California Department of Motor Vehicles database; (4) the

_____

[1] Araiza argues that any knowledge he had as to the government's pursuit was "superceded" when Customs and Border Patrol released him from a brief detention at a San Diego port of entry, allowing him to voluntarily return to Mexico on February 26, 2008. Araiza cites no case law to support his argument, or to suggest that the district court was prohibited from drawing an adverse inference from Araiza's *post*-encounter frequent changes of residence and failure to update his information.

government's aforementioned attempt to serve the arrest warrant; and (5) the fact that the government informed Araiza's sister of his arrest warrant. Ultimately, the government was only able to find Araiza because his April 2015 DUI arrest appeared in a warrant validation conducted later that same month. Because this is not a case where the government "ma[de] no serious effort to find" Araiza, *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008), the district court did not clearly err when it found that Araiza caused the delay.

Third, the district court properly weighed the timely invocation factor against Araiza because he caused the delay. *See Doggett*, 505 U.S. at 653.

Fourth, the district court properly found that Araiza was not prejudiced by the delay. Because the government was reasonably diligent in its pursuit, Araiza does not benefit from the presumption of prejudice that would result from a finding of government negligence. *See Mendoza*, 530 F.3d at 763 (citing *Doggett*, 505 U.S. at 657). Araiza has not identified evidence of actual prejudice. Because "[g]eneralized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice[,]" *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995), the district court properly considered this factor when it rejected Araiza's motion to dismiss based on post-indictment delay.

Araiza also appeals the district court's supervised release sentence and special conditions. He first argues the district court's imposition of supervised release was substantively unreasonable under 18 U.S.C. § 3553(a)(2). Because Araiza did not object to supervised release below, we review for plain error. *See United States v. Garcia*, 323 F.3d 1161, 1165 (9th Cir.2003). We find none. Although a "court ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c), it may do so where supervised release provides an "added measure of deterrence and protection based on the facts and circumstances of a particular case," *id.* cmt. n.5. Here, the district court considered Araiza's particular characteristics, including his familial ties in the United States. It also considered the circumstances of the underlying offense, including the fact that it involved unlawful attempts to obtain a United States passport. Even assuming the district court erred by failing to distinguish its reasons for imposing supervised release from its reasons for imposing the custodial sentence, Araiza fails to demonstrate how such error affects his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-35 (1993) (stating that under plain error review the defendant bears the burden of proving that error affected his substantial rights).

Finally, Araiza appeals the imposition of drug testing and treatment conditions because he only has a history of alcohol abuse, and not drug abuse. We review these conditions for abuse of discretion because Araiza objected during sentencing, *see United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008), but we find no such abuse. "Submission to drug testing is a *mandatory* and not a discretionary condition of supervised release[,]" *United States v. Carter*, 159 F.3d 397, 399 (9th Cir. 1998) (citing 18 U.S.C. § 3583(d)), and the treatment condition addresses both alcohol and drug abuse.

**AFFIRMED.**