**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

EARL DEJON LEONARD,
        *Defendant-Appellant.*

No. 06-30127

D.C. No.
CR-98-00116-REJ

OPINION

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted December 5, 2006*
Portland, Oregon

Filed April 18, 2007

Before: Jerome Farris, Richard R. Clifton, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Clifton

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Gerald M. Needham, Assistant Federal Public Defender, for the appellant.

Karin J. Immergut, United States Attorney; Gary Y. Sussman, Assistant United States Attorney, for the appellee.

**OPINION**

CLIFTON, Circuit Judge:

This case primarily presents the question of whether, following violation by a defendant of conditions of supervised release, a district court may impose a sentence above the advi-

sory range set forth in the Sentencing Guidelines, without giving advance notice of the possibility of a sentence outside the Guidelines range. We conclude that such advance notice is not required and affirm the sentence imposed in this case.

I.   Background

Defendant Earl Dejon Leonard was convicted in 1998 of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(c). For that offense he was sentenced to serve a prison term of six years, to be followed by three years of supervised release. He was released from prison and began the supervised release in April 2004. Among other conditions of his release, Leonard was to find regular work, stay off drugs, submit urine samples for drug testing, and tell his supervising probation officer of any contact with the police.

By February 2006, Leonard had violated all four of these conditions. Leonard reported only $324.50 of earnings from July and August 2005, and he provided no other proof of employment. He also tested positive for illegal drugs 23 times between February 2005 and February 2006, failed to report for several drug tests, and failed to tell his probation officer of at least six contacts with the police. The probation officer filed a notice of violation with the district court. Leonard did not contest the violations. He asked for a sentence at the low end of the Sentencing Guidelines range. The range calculated for someone in Leonard's circumstances was 5 to 11 months, a calculation to which Leonard did not and does not object. The probation office recommended that Leonard be sent back to prison for 6 months, near the low end of the range. The government did not state a position prior to the hearing.

The district court instead sentenced Leonard to the statutory maximum term of 24 months, well above the Guidelines range. The judge noted that Leonard had "totally failed" to stay away from illegal drug use, had failed to stay employed,

and somehow still had the means to get drugs for himself. In imposing the sentence, the judge said:

> Well, I've been evaluating criminal conduct for 42 years as a judge. This man is violating every aspect of what is intended to be accomplished by supervised release. I'm imposing the sentence of 24 months — that's the statutory maximum — because he has not complied in any sense of the word with the obligations of supervised release.

Leonard appealed his sentence. He argues that the district court erred by failing to specify reasons for imposing a sentence higher than the Sentencing Guidelines range, and by failing to give adequate notice of the possibility of departing from the Guidelines.

## II.   Reasons for Departure

[1] If a judge sentences a defendant outside the Guidelines range, the judge must state in open court the "specific reason" for doing so. 18 U.S.C. § 3553(c)(2); *United States v. Miqbel*, 444 F.3d 1173, 1177-78 (9th Cir. 2006) (holding that § 3553(c)(2) applies to sentencing for violation of supervised release conditions). The judge's reasoning must be specific enough to allow for meaningful review. *Miqbel*, 444 F.3d at 1178 n.8. We have, however, allowed district judges some flexibility in how they state their reasons. "[I]t is enough to calculate the [Guidelines] range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (internal quotation marks omitted).

[2] We have no difficulty in discerning the district court's reasons for imposing the sentence that it did. The specific references to Leonard's multiple violations and the conclusion that Leonard had "not complied in any sense of the word with the obligations of supervised release" could not be much

clearer. Meaningful review on appeal is no more difficult here than it was in *United States v. Musa*, 220 F.3d 1096 (9th Cir. 2000), where a bare statement that the defendant was a "danger to the community" was held to have met the requirements of the statute. *Id.* at 1101. The reasons given by the district court here satisfied the requirements of § 3553(c)(2).

III.   Notice of a Possible Above-Guidelines Sentence

Leonard was not informed in advance that the district court would consider imposing a sentence above the Sentencing Guidelines range. Leonard argues that Federal Rule of Criminal Procedure 32(h) required the district court to give him reasonable notice that it would consider a departure from the Guidelines range.[1]

**[3]** To determine Leonard's recommended sentence, the probation officer applied Chapter 7 of the Sentencing Guidelines, which deals with probation and supervised release violations. We have held that the sentencing ranges set forth in Chapter 7 are "merely advisory and are not binding upon the sentencing judge," who is "free to reject the suggested sentencing range and . . . impose a sentence that is below [or equal to] the statutory maximum." *United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir. 2003) (internal citations omitted). Because Chapter 7 is advisory, a judge issuing a sentence outside the Chapter 7 range is not "departing" from a binding guideline, and, therefore, we also held that notice of an intent to "depart" is unnecessary. *Id.*

**[4]** *Garcia* concerned a violation of conditions of proba-

---

[1]Rule 32(h) reads in part:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure.

tion. The case at hand involves a violation of conditions of supervised release, the close kin of a probation violation. We conclude that they should be treated the same. *See United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005) ("Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner."); *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (parole, probation, and supervised release revocation hearings must meet the same "minimum due process requirements"). Sentencing procedures for both forms of violation are governed by Rule 32.1 of the Federal Rules of Criminal Procedure, and sentencing ranges for both are covered in Chapter 7 of the Sentencing Guidelines. If a district court need not provide advance notice of an above-Guidelines sentence for a probation violation, the district court also need not provide such notice for a supervised release violation. That conclusion has been reached by several other circuit courts, and we see no reason to conclude otherwise. *See United States v. Shaw*, 180 F.3d 920, 922-23 (8th Cir. 1999) (per curiam); *United States v. Pelensky*, 129 F.3d 63, 70-71 (2d Cir. 1997); *United States v. Burdex*, 100 F.3d 882, 884-85 (10th Cir. 1996); *United States v. Mathena*, 23 F.3d 87, 93 n. 13 (5th Cir. 1994).

It could be argued that our holding today is at odds with our recent holding in *United States v. Evans-Martinez*, 448 F.3d 1163 (9th Cir. 2006). In that case, we held that Rule 32(h) requires notice of upward departure for the imposition of an above-Guidelines sentence after an ordinary criminal conviction, not within the category governed by Chapter 7, even though the Supreme Court in *United States v. Booker*, 543 U.S. 220, 245-46 (2005), rendered all of the Sentencing Guidelines advisory. *Evans-Martinez*, 448 F.3d at 1167. In particular, since no Guidelines sentencing range is binding after *Booker*, meaning that Chapter 7 is no longer distinct in this respect, it could be argued that there is no reason to treat sentences imposed under Chapter 7 differently from sentences imposed under other portions of the Guidelines.

We reject this argument for two reasons. First, *Evans-Martinez* does not overrule *Garcia* and explicitly declines to address sentences calculated under Chapter 7. *Evans-Martinez*, 448 F.3d at 1167 n.2. The situation posed by this case (sentencing after violation of supervised release) is more like the situation covered by *Garcia* (sentencing after probation violation) than that covered by *Evans-Martinez* (sentencing after conviction).

Second, sentencing procedures for probation and supervised release violations are primarily governed by Rule 32.1 of the Federal Rules of Criminal Procedure, not Rule 32. Unlike Rule 32, with its subsection (h), Rule 32.1 contains no requirement for advance notice before a district court may depart from the applicable Guidelines range in sentencing.

IV.   Conclusion

**[5]** We therefore affirm the sentence imposed upon Leonard. The district court was sufficiently specific in explaining why it imposed the above-Guidelines sentence that it did. In revoking supervised release, the district court is not required to give the parties notice that it is contemplating a sentence outside the Guidelines range, so the failure to give such advance notice here does not give cause to vacate the sentence.

**AFFIRMED**.