**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shane Jacob WOODCOOK,
Defendant–Appellant.**

No. 06–30352.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2007 *.

Filed Dec. 27, 2007.

Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant

Before: LEAVY, RYMER and FISHER, Circuit Judges.

MEMORANDUM **

Shane Jacob Woodcook pled guilty to interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, theft of identity, 18 U.S.C. § 1028(a)(7), and interstate transportation of stolen property, 18 U.S.C. § 2314. In an earlier appeal, we vacated Woodcook's 41–month sentence and remanded for resentencing because the district court erred in applying an enhancement for reckless endangerment under U.S.S.G. § 3C1.2. On remand, the district court again imposed a 41–month sentence. Woodcock contends that his above-Guidelines sentence is unreasonable.

Disavowing any reliance on U.S.S.G. § 3C1.2, the district court on remand took the Guidelines range as a "starting point" for determining Woodcock's sentence. The district court concluded that a 41–month sentence, which was four months above the Guidelines range, was the lowest reasonable term in view of the kinds of sentences available, the nature of Woodcock's offenses, his history of felony convictions, the need to promote respect for the law and the need to protect the public. The district court indicated that it had considered the § 3553(a) factors, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and "subsequent cases of the Ninth Circuit Court of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appeals" in deciding that a within-Guidelines sentence would be "inadequate."

The district court's sentencing decision was procedurally sound. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). Woodcock concedes that the district court properly calculated the advisory Guidelines range. Woodcock has not demonstrated that the district court "overlooked any significant factor" relevant to sentencing. *United States v. Nichols,* 464 F.3d 1117, 1126 (9th Cir.2006); *see United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."). In this case, we "have no difficulty in discerning the district court's reasons for imposing the sentence that it did." *United States v. Leonard,* 483 F.3d 635, 637 (9th Cir.2007).

We review the substantive reasonableness of Woodcock's sentence for abuse of discretion. *See Gall,* 128 S.Ct. at 590–91. Taking account of the reasoning articulated by the district court and the relatively small variance from the Guidelines, we are satisfied that there was no abuse of discretion.

**AFFIRMED.**