**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4270**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD BLUNT, aka Bridgett Blunt,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:01-cr-00388-PMD-35)

Submitted:  July 8, 2008          Decided:  July 23, 2008

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  John Charles Duane, Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Blunt appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but suggesting that Blunt should have received notice that the district court was considering imposing a sentence above the advisory guideline range and that the sentence is unreasonable. Blunt was advised of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Counsel suggests that Blunt was entitled to notice of the district court's intent to vary upwardly from the advisory guideline range of eight to fourteen months. However, Rule 32.1 of the Federal Rules of Criminal Procedure, which governs supervised release revocation procedures, does not contain a notice requirement. We therefore find that the district court committed no significant procedural error by failing to provide notice. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Leonard, 483 F.3d 635, 639 (9th Cir. 2007) ("In revoking supervised release, the district court is not required to give the parties notice that it is contemplating a sentence outside the Guidelines range . . . ."); cf. Irizarry v. United States, 128 S. Ct. 2198, 2202-03 (2008) (holding that district court not required to provide

notice of its intent to vary from guideline range under Fed. R. Crim. P. 32(h), in original sentencing proceedings).

Counsel next questions whether Blunt's sentence is reasonable. While the sentence Blunt received is ten months above the advisory sentencing guideline range, it is within the applicable statutory maximum sentence. Moreover, our review of the record leads us to conclude that the district court sufficiently considered the statutory factors and explained its reasons for imposing a sentence above the advisory guideline range. See Gall, 128 S. Ct. at 597. We therefore find that the sentence imposed upon revocation of supervised release is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006) (providing standard), cert. denied, 127 S. Ct. 1813 (2007); see also United States v. Finley, __ F.3d __, __, 2008 WL 2574457, at *5, *9 (4th Cir. June 30, 2008) (No. 07-4690).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment revoking Blunt's supervised release and imposing a twenty-four-month sentence. This court requires that counsel inform the client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED