**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles ANDERSON, Defendant—
Appellant.**

No. 07–50474.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2008.*

Filed Dec. 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert J. Keenan, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Robert Charles Stacy, II, Assistant U.S., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GRABER and CLIFTON, Circuit Judges, and REED,** District Judge.

### MEMORANDUM ***

Charles Anderson appeals his 24–month prison sentence for violating the terms and conditions of his supervised release, to run consecutive to the sentence imposed for the conviction underlying the supervised release violation. We conclude that the district court did not commit procedural error in imposing its sentence on Anderson.

"We review sentences, including those imposed upon revocation of supervised release, for reasonableness." *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007). When a defendant does not raise a particular objection to his sentence before the district court, we apply plain error review. *United States v. Waknine*, 543 F.3d 546, 551 (9th Cir.2008).

■ We reject Anderson's claim that the district court improperly relied on factors under 18 U.S.C. § 3553(a)(2)(A) to justify its sentence. The district court may consider the seriousness of the offense underlying the revocation of supervised release "as part of the criminal history of the violator," provided that such a consideration is not "a focal point of the inquiry." *Simtob*, 485 F.3d at 1062. Here, the district court focused, if anything, on the apparent failure of rehabilitation thus far in Anderson's case, as evidenced by his recidivism. As we have found in previous cases, "greater sanctions" may be appropriate for defendants who violate their supervised release by committing an offense similar to that for which they were convicted originally. *See id.* at 1063.

■ Next, Anderson argues that the district court gave an inadequate statement of reasons before issuing its above-Guidelines sentence. Like the court in *United States v. Leonard*, 483 F.3d 635 (9th Cir.2007), "[w]e have no difficulty in discerning the district court's reasons for imposing the sentence that it did." *Id.* at 637. The court's reasons for imposing its sentence on Anderson, such as the escalation in Anderson's criminal conduct and his failure to comply with the terms of super-

---

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vised release, "could not be much clearer." *Id.* Moreover, precedent does not "impose any requirement that the district court state why it chose a particular sentence rather than other potential sentences." *United States v. Maciel–Vasquez,* 458 F.3d 994, 995 (9th Cir.2006). The court, therefore, gave a satisfactory explanation of its reasoning.

Finally, Anderson contends that the district court improperly found that it could not consider his conditions of confinement as a factor in its sentencing decision. The district court, however, never stated that it was legally precluded from considering Anderson's argument; rather, once defense counsel fully explained his position, the court made clear that it "was not compelled" by the argument. There was no error here.

■ Anderson correctly notes that the district court erred in stating that it previously had sentenced Anderson to a below-Guidelines sentence for his first conviction in 2002. To warrant reversal under plain error review, the applicable standard, the error must affect "substantial rights." *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (citation and internal quotation marks omitted). Here, the district court's small error did not contribute to the sentence imposed on Anderson and thus did not affect his substantial rights.

**AFFIRMED.**