**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10501 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-08088-NVW-1 |
| v. | |
| DARREN QUESADA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted January 13, 2017
San Francisco, California

Before:  WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Defendant Darren Quesada appeals from his judgment in which he received

a sentence of three years' imprisonment, followed by 136 months of supervised

release, and challenges eight supervised release conditions. We have jurisdiction

under 18 U.S.C. § 1291. We affirm the sentence and supervised release conditions,

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

but remand for the limited purpose of conforming the written judgment regarding Special Condition Six with the district court's oral pronouncement.

The district court did not impose a lengthy prison sentence for the purpose of enabling the Defendant to complete a treatment program, in violation of 18 U.S.C. § 3582(a) and the Supreme Court's decision in *Tapia v. United States*, 564 U.S. 319 (2011). Unlike in *Tapia*, where the court stated it sentenced the defendant "so she [wa]s in long enough to get the 500 Hour Drug Program," the court here did not evaluate the sentence length required to qualify for treatment programs, or state that the Defendant's sentence was designed to afford him eligibility for those programs. *Tapia*, 564 U.S. at 334. Although the court stated that it could "make the circumstances a lot more conducive to actually participating and benefitting" in a treatment program, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id*. The court repeatedly stated that it imposed the sentence "to show an appropriate measured consequence for the extraordinary breaches of trust," and to protect others from the risk the Defendant posed.

The sentence length was not substantively unreasonable. In light of the Defendant's criminal history–involving the commission of several similar crimes against similar victims–the revocations of supervision in his 1999 case, and the two

2

revocations in the current case, there is support in the record for the district court's conclusion that the Defendant represented a danger to his community, and that his repeated violations of supervised release warranted imposition of a more substantial term. These rationales support an upward departure from the Guidelines range. *See United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000) (holding that a sentencing court did not abuse its discretion in departing from the Guidelines range when the record supported the court's conclusion that the defendant was a "danger to the community," because he had been convicted of a crime that "involved a threat against another person"); *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007) (affirming a sentence that fell above the Guidelines range when the defendant's previous term of supervised release had been revoked because he failed to refrain from illegal drug use and stay employed).

The district court did not err in imposing the eight identified supervised release conditions. The conditions are appropriate given the facts and circumstances of the case, and are "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009). With no controlling precedent reversing the standard and commonly imposed conditions on the grounds of vagueness or overbreadth at the time the district court issued its decision, the district court did

not plainly err in imposing these conditions. *See United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015) (quoting *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011)) ("An error 'cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results.'"). If the conditions are no longer relevant as the period of supervised release approaches, the Defendant may file a motion to modify the conditions pursuant to 18 U.S.C. § 3583(e)(2).

Finally, we remand for the limited purpose of remedying discrepancies between the written order regarding Special Condition Six and the district court's oral pronouncement. Where, as is the case here, there is a "direct conflict" between an oral pronouncement of a sentence and a written order, the oral pronouncement controls. *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). We remand so that the district court can make the written judgment consistent with the oral pronouncement.

**AFFIRMED; WRITTEN JUDGMENT VACATED AND REMANDED TO CONFORM WITH ORAL PRONOUNCEMENT.**