**+CORRECTED**
**NOT FOR PUBLICATION**

FILED

MAR 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10410 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-170-LJO-1 |
| v. | |
| RAY WESLEY GRANT, | MEMORANDUM[*] |
| +Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Submitted March 15, 2018
San Francisco, California

Before: WALLACE and BERZON, Circuit Judges, and BERG,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Terrence G. Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

Ray Wesley Grant appeals from the district court's judgment revoking his supervised release and imposing a new sentence of six months imprisonment, followed by a 114-month term of supervised release. We affirm.

**1.** Grant contends that there was insufficient evidence to establish his violation of the conditions of his supervised release by a preponderance of the evidence. Grant admits that he had supervised contact with minors, but argues that he did not knowingly and deliberately violate the condition: Based on his parole officers' tacit acceptance of circumstances in which Grant was, or could have been, in contact with minors in the past, Grant insists that he reasonably assumed contact with minors in a supervised setting was permissible. This argument fails.

First, a defendant's own admission of a violation of a condition of his supervised release is generally sufficient to establish a violation. *See, e.g.*, *United States v. Hilger*, 728 F.3d 947, 952 (9th Cir. 2013); *United States v. Hall*, 419 F.3d 980, 986–87 (9th Cir. 2005); *United States v. Tadeo*, 222 F.3d 623, 624–25 (9th Cir. 2000). Officer Figueroa testified that Grant had specifically admitted to violating the terms of his supervised release, and Grant himself admitted at the contested hearing that he had contact with minors on multiple occasions.

Second, Grant was properly on notice that any contact with minors was prohibited under the conditions of his supervised release: Grant was found in

2

violation of the same condition in 2015; Grant had the conditions of his release explained to him on several occasions, by three different probation officers and by the district court; and Grant admitted that he knew he was required to have approval for any contact with minors.

Third, the district court found that Grant had *not* received permission from probation officers to have contact with minor children, except in a few specific instances, such as his daughter's graduation, for which permission was sought in advance. We "shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e).

Thus, viewed in the light most favorable to the government, the evidence was sufficient to support the district court's finding that Grant violated the terms of his supervised release. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010). The district court did not abuse its discretion by revoking Grant's supervised release. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

**2.** Grant also contends that the sentence the district court imposed was unreasonable. We review the sentence imposed for violating a term of supervised release for reasonableness. *See, e.g.*, *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009); *United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008). "A

within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to [18 U.S.C.] § 3553(a)." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). "[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Id.* at 988.

Grant's violation of supervised release was a Grade C violation, for which the Sentencing Guidelines recommend imprisonment of three to nine months and a supervised release term of five years to life. Grant repeatedly failed to heed admonitions by the court to respect the conditions of supervised release. The district court sentenced Grant to a six-month term of imprisonment and a 114-month term of additional supervised release. The district court adequately explained the within-Guidelines sentence and considered the applicable sentencing factors. *See Carty*, 520 F.3d at 992. As both the imprisonment sentence and the term of supervised release imposed are within the Sentencing Guidelines range and consistent with sentences we have previously upheld, *see, e.g.*, *Cope,* 527 F.3d at 952; *United States v. Leonard*, 483 F.3d 635, 639 (9th Cir. 2007), the sentence was not unreasonable.

**AFFIRMED.**