**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10170 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-08148-PGR |
| v. | |
| KRISTOPHER LIONEL GOLDTOOTH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Kristopher Lionel Goldtooth appeals the district court's judgment revoking

his supervised release and challenges the 24-month sentence imposed upon

revocation.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Goldtooth contends that the district court improperly based its imposition of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the statutory maximum sentence on punitive factors. Because Goldtooth did not raise this objection in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). We conclude that there is no error of any kind. The record demonstrates that the district court correctly sanctioned "primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A(3)(b); *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (district court may "properly look to and consider the conduct underlying the revocation as one of many acts contributing to the severity of the violator's breach of trust so as not to preclude a full review of the violator's history and the violator's likelihood of repeating that history").

Goldtooth also argues that his sentence is substantively unreasonable. We conclude that the above-Guidelines, 24-month sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Goldtooth's repeated violations of the terms of his supervised release. *See United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007).

**AFFIRMED.**

17-10170