**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30094 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00144-SMJ-12 |
| v. | |
| DUSTIN W. RHODES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Dustin W. Rhodes appeals from the district court's judgment and challenges the 12-month sentence imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rhodes first contends that the court miscalculated the Guidelines range.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although the court initially misstated the applicable Guidelines range, defense counsel immediately corrected the court's misstatement and identified the correct Guidelines range. The court then acknowledged the correction. Therefore, any error was harmless. *See United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012).

Rhodes next challenges the district court's failure to provide advance notice of its intent to impose an above-Guidelines sentence. However, the court was not obligated to provide such notice. *See United States v. Leonard*, 483 F.3d 635, 638 (9th Cir. 2007) ("Because Chapter 7 is advisory, a judge issuing a sentence outside the Chapter 7 range is not 'departing' from a binding guideline, and, therefore, we also held that notice of an intent to 'depart' is unnecessary"). Moreover, Rhodes has failed to demonstrate any due process violation.

Finally, Rhodes contends that the district court failed to explain the sentence adequately. The court explained that, taking into consideration the relevant sentencing factors, it was concerned that Rhodes had amassed 15 supervised release violations in two years, despite probation's attempts to provide him with treatment options. This explanation was sufficient to justify the court's decision to vary upward and impose a 12-month sentence. *See Rita v. United States*, 551 U.S. 338, 359 (2007).

**AFFIRMED.**