NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10446 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00167-LJO-1 |
| v. | |
| RAFAEL MIRANDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 14, 2020**
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,*** District Judge.

Rafael Miranda appeals from the district court's judgment and challenges the

18-month sentence imposed upon revocation of his supervised release. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We review sentencing decisions for an abuse of discretion and unpreserved procedural objections for plain error. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We vacate and remand.

Miranda contends that the district court failed to explain adequately the above-Guidelines sentence and relied on the incorrect Guidelines range because it erroneously classified his supervised release violation as a Grade B violation rather than a Grade C violation. A judge must explain the rationale relied upon when imposing an above-guidelines sentence, and the explanation must be sufficient to permit meaningful appellate review." *United States v. Carr*, 761 F.3d 1068, 1083 (9th Cir. 2014) (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)); *see also United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007) (noting that the "specific reason" requirement for an above-Guidelines sentence applies to revocation of supervised release (citation omitted)). Here, the district court imposed an above-Guidelines sentence without any explanation at all.

Additionally, as the government concedes, the sole supervised release violation to which Miranda admitted—possession of a controlled substance—is a Grade C violation under the circumstances. *See* U.S.S.G. § 7B1.1(a)(2). Although the government contends that the record supports a finding that Miranda possessed the controlled substances for sale and such conduct would qualify as a Grade B violation, the district court dismissed at sentencing all other charged violations,

including a charge that Miranda violated the terms of his supervision by committing the crime of possession of a controlled substance for sale. The district court made no factual findings and provided no explanation for its determination that Miranda's admitted violation was a Grade B, rather than Grade C, violation.

Because we cannot determine from the current record the basis for the sentencing determinations or whether the district court relied on the correct Guidelines range, we remand. *Cf. Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016) ("Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018) (remand is appropriate remedy where Guidelines error results from "a mistake made in the presentence investigation report by the Probation Office, which works on behalf of the District Court").

**VACATED AND REMANDED.**