**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10100 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-01439-DCB-LCK-1 |
| v. | |
| OMAR KEY-AYALA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Omar Key-Ayala appeals from the district court's judgment and challenges

the 15-month sentence imposed upon his second revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Key-Ayala contends that the district court procedurally erred by failing to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained its reasons for the above-Guidelines sentence, including Key-Ayala's poor performance on supervision despite receiving a lenient sentence for his underlying offense. *See United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007). Moreover, contrary to Key-Ayala's contention, the record reflects that the district court relied on only proper sentencing factors. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Key-Ayala contends that these alleged procedural errors also render his sentence substantively unreasonable. The district court did not abuse its discretion by imposing an above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the § 3583(e) sentencing factors and the totality of the circumstances, including Key-Ayala's repeated violations of the court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1062 (primary purpose of revocation sentence is to sanction defendant's breach of the court's trust).

**AFFIRMED.**