NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10369 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00850-NVW-1 |
| v. | |
| JESUS PINEDA-PICASSO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 18, 2020**
Phoenix, Arizona

Before: TALLMAN, BYBEE, and MURGUIA, Circuit Judges.

Jesus Pineda-Picasso appeals from the forty-month sentence imposed

following his guilty-plea conviction for reentry of a removed alien in violation of 8

U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sentencing decisions are reviewed for an abuse of discretion. *United States*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Unpreserved errors are subject to plain error review. *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008) (applying plain error review to Rule 11 and sentencing challenges). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). The defendant bears the burden of proving that his substantial rights were affected, meaning "[h]e must establish 'that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding.'" *Ameline*, 409 F.3d at 1078 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Pineda-Picasso argues the magistrate judge violated Rule 11 by failing to advise him of his right to plead not guilty and to persist in that plea during the change of plea hearing, and that the district judge violated Rule 11 by failing to advise him of his right to withdraw his guilty plea after the district judge rejected the plea agreement at the first sentencing hearing. He did not raise either issue below. "[T]he mere failure on the part of a court to give a prescribed Rule 11 warning does not, without more, mean that the defendant's substantial rights were adversely affected." *United States v. Chan*, 97 F.3d 1582, 1584 (9th Cir. 1996). A district court does not plainly err in failing to give a Rule 11 warning where the record shows the defendant otherwise was made aware of the right that was the

subject of the omitted Rule 11 warning. *Ross*, 511 F.3d at 1236.

Here, Pineda-Picasso signed a written plea agreement in which he acknowledged he waived his right to plead not guilty, and the magistrate judge advised Pineda-Picasso at the change of plea hearing that he had the right to withdraw his guilty plea if the district judge rejected the plea agreement. Pineda-Picasso's equivocal allegation that he "may" have withdrawn his guilty plea if given adequate Rule 11 warnings, despite his failure to do so after the district judge continued the sentencing hearing so Pineda-Picasso could "discuss his options" with counsel, does not meet his burden to show his substantial rights were affected. Neither the district judge nor the magistrate judge plainly erred.

Next, Pineda-Picasso argues the district judge did not adequately explain the reasons for sentencing Pineda-Picasso above his calculated Guidelines range and improperly completed the Statement of Reasons form, which he did not raise below, and that the district judge relied on inappropriate factors under 18 U.S.C. § 3553(a), which he did raise below. A sentencing judge must state a "specific reason" for sentencing a defendant outside the Guidelines range, meaning "[t]he judge's reasoning must be specific enough to allow for meaningful review." *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007) (citing *United States v. Miqbel*, 444 F.3d 1173, 1178 n.8 (9th Cir. 2006)). Here, the district judge specifically discussed the need for deterrence and the need to avoid sentencing

3

disparities in explaining the departure from the Guidelines range, which are permissible considerations under 18 U.S.C. § 3553(a). These considerations were sufficiently explained on the record to allow for meaningful review. *Leonard*, 483 F.3d at 637.

Pineda-Picasso does not articulate how the district judge's errors in completing the Statement of Reasons affected his substantial rights and thus fails to meet his burden to show plain error. The district judge did not procedurally err in sentencing Pineda-Picasso above the Guidelines range. Additionally, considering the totality of the circumstances, the sentence imposed was substantively reasonable. *United States v. Mitchell*, 624 F.3d 1023, 1029 (9th Cir. 2010). The district judge did not abuse his discretion in imposing the forty-month sentence.

**AFFIRMED.**