**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>HEATH LEE ROBERSON,<br><br>Defendant-Appellant. | Nos. 19-10393<br>19-10394<br><br>D.C. Nos. 1:17-cr-00211-LJO-SKO-1<br>1:13-cr-00342-LJO-BAM-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

In these consolidated appeals, Heath Lee Roberson appeals from the district

court's judgment and challenges the 36-month sentence imposed upon revocation

of probation and the 12-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Roberson first contends that the district court procedurally erred by failing to explain the sentences adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the district court considered the parties' arguments and the statutory sentencing factors before imposing the sentences. The district court explained that the sentences were warranted in light of Roberson's breach of the court's trust, failure to take responsibility for his actions, and non-compliance with the conditions of his probation and supervised release, despite receiving a lenient probationary sentence for his most recent offense. This explanation was legally sufficient. *See United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007); *see also United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (primary purpose of revocation sentence is to sanction defendant's breach of the court's trust).

Roberson next contends that the 36-month probation revocation sentence is substantively unreasonable because it is arbitrary and does not account for his mitigating circumstances. The district court did not abuse its discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of circumstances. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**