NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZE'SHAWN STANLEY CAMPBELL, AKA Zeshawn Stanley Campbell, AKA Ze,

Defendant - Appellant.

No. 23-623

D.C. No. 2:21-cr-00099-MCS-1

MEMORANDUM[*]

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZE'SHAWN STANLEY CAMPBELL, AKA Zeshawn Stanley Campbell, AKA Ze,

Defendant - Appellant.

No. 23-1639

D.C. No. 2:21-cr-00099-MCS-1

---

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 9, 2024[**]
Pasadena, California

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Ze'Shawn Campbell appeals a 120-month sentence imposed after he pled guilty to wire fraud and unlawful transactions in violation of 18 U.S.C. § 1343 and § 1957. Because Campbell did not raise the asserted procedural errors at sentencing, we review for plain error.[1] *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010) (applying plain error review to asserted failure to adequately explain reasons for sentence); *United States v. Ceja*, 23 F.4th 1218, 1227 (9th Cir. 2022) (applying plain error review to asserted violation of Federal Rule of Criminal Procedure 32). We may only reverse where there is "(1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011) (quoting *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Campbell does not challenge the substantive reasonableness of his sentence on appeal. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 938 n.8 (9th Cir. 2009).

We first hold that the district court did not plainly err in its explanation of its application of the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). The district court offered a thorough explanation for why the sentencing factors warranted an upward variance, noting Campbell's prior similar convictions, lack of contrition, the seriousness and circumstances of the offenses, and the extent of harm. The district court responded directly to nearly all of Campbell's mitigation arguments, including that he did not fraudulently obtain as much money as the Government claimed and that he paid victims back. Although Campbell's childhood did not come up at sentencing, the district court clearly explained why it rejected Campbell's position that he should receive a below-Guidelines sentence. *Id.* at 993 ("[T]he judge should normally explain why he accepts or rejects the party's position."). We thus "have no difficulty in discerning the district court's reasons for imposing the sentence that it did." *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007).

We next hold that the district court did not err under Rule 32(i)(3)(B), which requires that the district court, "for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary." Fed. R. Crim. P. 32(i)(3)(B). The factual issues that Campbell raises on appeal were either not disputed by the parties at sentencing or were

3                                                                                    23-623

addressed by the district court such that it is clear it "was aware of [Campbell's] objections but disagreed with them." *United States v. Wijegoonaratna*, 922 F.3d 983, 990 (9th Cir. 2019). The district court explicitly found that (1) Campbell fraudulently obtained at least $550,000, nearly all from one victim alone, (2) noted that Campbell offered no evidence to support his argument that he had paid victims back, and (3) explained that the witness statements were consistent with each other and credible. But even assuming the district court erred because a more explicit finding was required, any error was harmless because there is no "reasonable probability that [Campbell] would have received a different sentence" given the district court's expressed reasoning. *Ceja*, 23 F.4th at 1227 (quoting *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013)).[2] Because the district court fully explained its reasoning, any error in not addressing specific arguments in Campbell's sentencing memorandum did not affect his substantial rights.

**AFFIRMED.**

---

[2] We need not resolve the parties' dispute about the standard of review because Campbell's claims would fail on harmlessness grounds even if de novo review applies.