**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3939 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00547-FLA-1 |
| v. | |
| CHRISTOPHER JOSEPH ANTOUN, AKA antounchris432@gmail.com, AKA fslcadm@gmail.com, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted March 16, 2026**

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Christopher Joseph Antoun appeals from the district court's judgment and challenges the 12-month sentence imposed upon the second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Antoun contends the district court procedurally erred by failing to explain sufficiently why it varied three months above the Guidelines range. The record refutes this claim. The district court discussed in detail how Antoun's violations demonstrated a "pattern of noncompliance and overall resistance to supervision," amounting to a "significant breach of the Court's trust." It further explained that Antoun had shown no genuine interest in rehabilitation, that he remains a danger to the public, and that he had not been deterred by prior sentences. On this record, "[w]e have no difficulty in discerning the district court's reasons for imposing the sentence that it did." *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007).

Antoun next contends the above-Guidelines sentence, which was ordered to run consecutively to the sentence for his new offense, is substantively unreasonable because it is longer than necessary to serve the goals of sentencing. We conclude the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See id.*; *see also* U.S.S.G. § 7B1.3(f).

**AFFIRMED.**