NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-1068 |
| Plaintiff - Appellee, | D.C. No. 2:24-cr-00045-TOR-1 |
| v. | |
| NICHOLAS J. KLOEPFEL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted April 24, 2026**
Seattle, Washington

Before: W. FLETCHER and KOH, Circuit Judges, and RAYES, District Judge.***

Nicholas J. Kloepfel appeals from his 96-month sentence, following a guilty

plea, for one count of felon in possession of a firearm in violation of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

§§ 922(g)(1), 924(a)(8). Kloepfel argues that the district court committed multiple procedural errors and that his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Rita v. United States*, 551 U.S. 338, 341 (2007)). When an appellant objects to procedural errors at sentencing, we review for abuse of discretion. *Id.* Absent objection before the district court, we review alleged procedural errors for plain error. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010); *Holguin-Hernandez v. United States*, 589 U.S. 169, 171 (2020). "[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

We first consider whether the district court committed a procedural error, and then we consider whether the sentence is substantively reasonable. *Carty*, 520 F.3d at 993 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural error includes failing to calculate (or calculating incorrectly) the proper U.S. Sentencing Guidelines ("Guidelines") range, treating the Guidelines as mandatory, failing to consider the factors from 18 U.S.C. § 3553(a), choosing a sentence based on clearly erroneous facts, or failing to explain a selected sentence, including any

deviation from the Guidelines range. *Id.*

1. The district court did not procedurally err by imposing an above-Guidelines sentence based in part on the fact that Kloepfel had multiple firearms, a fact which was already accounted for in Kloepfel's total offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(A). In his reply, Kloepfel concedes this alleged error should be considered in our review of the sentence's substantive reasonableness.

2. The district court did not procedurally err by jumping from Criminal History Category II to Category VI rather than moving through the categories incrementally. The district court was not under an obligation to move through the criminal history categories incrementally. After *United States v. Booker*, 543 U.S. 220 (2005), "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006); *see also United States v. Lichtenberg*, 631 F.3d 1021, 1027 n.8 (9th Cir. 2011) (noting our "review of upward departures from the advisory Guidelines merges with [our] review of the ultimate sentence for reasonableness, and is not reviewed as a separate issue"). Accordingly, we will not review this alleged error independently of our review of the substantive reasonableness of Kloepfel's sentence.

3. The district court did not procedurally err by applying an "extreme conduct" departure. We note that the district court never mentioned conduct

toward a victim as a basis for the sentence, *see* U.S.S.G. § 5K2.8, but rather referred to Kloepfel's conduct as extreme because he had multiple firearms and drugs were present. But again, after *Booker*, "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence," *Mohamed*, 459 F.3d at 986, and we will not review this alleged error independently of our review of the substantive reasonableness of the sentence.

4.      The district court did not procedurally err by providing Kloepfel inadequate notice of the departure. Because Kloepfel did object to the adequacy of notice, we review for an abuse of discretion. *Carty*, 520 F.3d at 993. Federal Rule of Criminal Procedure 32(h) provides: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." The Government's prehearing submissions provided Kloepfel notice of the ground for departure and so the district court was not required to provide additional notice. Furthermore, Kloepfel's counsel was able to address the Government's arguments for the departure at the sentencing hearing. *See Irizarry v. United States*, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the

hearing itself, has given them an adequate opportunity to confront and debate the relevant issues.").

5.     The district court did not procedurally err by inadequately explaining the 96-month sentence. *See Carty*, 520 F.3d at 993 (noting that it would be procedural error "to fail adequately to explain the sentence selected, including any deviation from the Guidelines range"). Because Kloepfel did not object to the adequacy of the district court's explanation, we review for plain error. *Holguin-Hernandez*, 589 U.S. at 171. The district court explained that it imposed the sentence because of Kloepfel's repeated engagement in illegal conduct, which was inadequately reflected in his criminal history, and because Kloepfel's conduct was extreme in the district court's view because it involved multiple firearms and the presence of drugs. On this record, "[w]e have no difficulty in discerning the district court's reasons for imposing the sentence that it did." *United States v. Leonard*, 483 F.3d 635, 637 (9th Cir. 2007).

6.     Finally, Kloepfel challenges the substantive reasonableness of his sentence. In considering the substantive reasonableness of a sentence, we look to the totality of the circumstances. *See Carty*, 520 F.3d at 993. We "should only vacate a sentence if the district court's decision not to impose a lesser sentence was 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013)

(quoting *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010)).

For the offense of conviction, Kloepfel had three firearms and drugs were present. Kloepfel committed this offense while on supervised release and within a year of his release from a 195-month sentence. Additionally, Kloepfel allegedly committed various other supervised release violations within that year resulting in the need to issue an arrest warrant. Kloepfel also has five other criminal convictions from before his 195-month sentence that did not score criminal history points in his presentence investigation report. The district court explicitly referenced Kloepfel's "criminal history inadequacy," his "repeated illegal conduct," his "extreme conduct," and the fact he "had multiple firearms and drugs." Kloepfel's sentence is substantively reasonable considering the sentencing factors and the totality of the circumstances. The district court did not abuse its discretion.

**AFFIRMED.**

25-1068